



FILED

Feb 06 2025, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Leesa A. Gatton,

*Appellant-Respondent*

v.

Robert D. Gatton,

*Appellee-Petitioner*

---

February 6, 2025

Court of Appeals Case No.
24A-DN-716

Appeal from the Allen Circuit Court

The Honorable Jesus R. Treviño, Magistrate

Trial Court Cause No.
02C01-2212-DN-1447

---

**Opinion by Senior Judge Crone**
Judges Bradford and Tavitas concur.

**Crone, Senior Judge.**

[1] Appellant Leesa A. Gatton (Wife) has filed a petition for rehearing of our opinion in *Gatton v. Gatton*, No. 24A-DN-716, 2024 WL 5151076 (Ind. Ct. App. Dec. 18, 2024). Appellee Robert D. Gatton (Husband) did not file a response. We grant the petition in part and deny it in part.

[2] In *Gatton*, we held that the trial court improperly excluded the premarital portion of Husband's pension from the marital pot but did not abuse its discretion "in dividing the marital estate as it did, i.e., in essentially awarding Husband the entire present value of his pension and in disposing of the remaining assets and liabilities as specified" in its dissolution decree. *Id*. at *8. We also held that any error in the trial court's failure to include Husband's $3,000 individual retirement account (IRA) in the marital estate was harmless.

[3] In her original appellant's brief, Wife claimed that she filed proposed findings with the trial court, but the chronological case summary (CCS) did not indicate that she did, and she included only Husband's proposed findings in her appendix. That being the case, we stated in paragraph 2 of the opinion, "The trial court gave the parties until November 27 to submit proposed findings. Only Husband did so." *Id*. at *1. And in addressing Wife's argument that the trial court erred in failing to include Husband's IRA in the marital estate, we stated in paragraph 17, "But Husband's proposed findings did not mention the IRA, and Wife did not submit her own findings or notify the trial court about this omission." *Id*. at *8. We further observed that Wife did not mention the

IRA in her motion to correct error, and we ultimately concluded, "Assuming for argument's sake that Wife did not waive this issue by failing to timely raise it with the trial court, we note that the value of the IRA is less than two percent of the value of the marital estate, and thus its omission was de minimis." *Id*.

[4] In support of her petition for rehearing, Wife submitted the affidavit of Jason Funk, Director of Systems Operations for the Clerk of the Allen Circuit and Superior Courts. Funk's affidavit states that Wife did in fact submit proposed findings, but they "were not listed on the CCS as they were mis-coded as a proposed order." Funk Affidavit at 2. Thus, neither the findings nor a CCS entry documenting their filing were part of the record submitted to this Court on appeal. Wife's proposed findings, which are attached as an exhibit to the affidavit, do not mention the IRA.

[5] Wife raises two issues in her petition. First, she argues that we should correct the record regarding her submission of proposed findings and that she "should not suffer any negative appellate court consequences as a result of that perceived failure." Pet. for Reh'g at 6. We grant Wife's petition in part and revise the above sentences from paragraph 2 to read as follows: "The trial court gave the parties until November 27 to submit proposed findings. Both parties did so." And we revise the above sentence from paragraph 17 to read as follows: "But neither Husband's nor Wife's proposed findings mentioned the IRA." These revisions do not affect the original outcome.

Second, Wife argues that we should remand so that the trial court can revamp its findings regarding Husband's pension and award her a greater share of the marital estate. We stand by our original opinion on this point and therefore deny Wife's petition in part.

Granted in part and denied in part.

Bradford, J., and Tavitas, J., concur.

ATTORNEY FOR APPELLANT

Daniel J. Borgmann
Helmke Beams LLP
Fort Wayne, Indiana